# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 12-cv-00477-PAB-KMT

TRINH CAO TRIEU,

    Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY,
JASON ATLAS,
MAXOR NATIONAL PHARMACY SERVICES CORP., and
PATRICIA LANIUS,

    Defendants.

---

# PROTECTIVE ORDER

---

    The Court, upon joint motion of the Parties for entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information DOES ORDER:

    1.    Entry of this Protective Order is proper to protect against the use or disclosure of Confidential Information outside the scope of this litigation which could result in significant injury to business or privacy interests of one or more of the Parties or of non-parties.

    2.    "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing confidential personnel information, confidential medical information, confidential financial information,

information subject to confidentiality obligations owed to third parties, or other confidential information. Any information designated by a party as confidential must first be reviewed by a lawyer whose designation of the information as confidential shall constitute the lawyer's certification that the designation is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

    3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. With respect to transcribed testimony by deposition or otherwise, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony, or by placing an appropriate statement on the record during a deposition.

    4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for

purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall include: (1) counsel for the parties and staff employed by counsel and assisting with the litigation; (2) named parties, and representatives of the corporate defendant assisting with the litigation; (3) expert witnesses retained by the parties; and (4) witnesses to whom Confidential Information is disclosed for purposes of testimony at deposition or trial or preparation for such testimony.  All such qualified recipients shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure.  If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential. The parties shall comply with D.C. Colo. LCivR 7.2 and 7.3.

11. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. A party wishing to file or use in court any information

designated as Confidential Information by the opposing party shall first confer with counsel for the designating party. If the designating party refuses to allow the information to be filed except under seal, the filing party shall file a motion requesting leave to file documents under seal pursuant to this Protective Order, and it shall then be the burden of the designating party to demonstrate that the Confidential Information at issue is entitled to protection.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14. Upon termination of this litigation, including any appeals, each Party's counsel shall, if requested by the producing party, immediately either destroy or return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. Upon request of the producing party, counsel shall also provide to the producing party the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein, and verification that any Confidential Information has been destroyed or returned to the producing party.

15. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of

Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this 9th day of July, 2012.

BY THE COURT:

_____
United States Magistrate Judge

**EXHIBIT A**
**AFFIDAVIT**

STATE OF COLORADO     )
                      )  ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *Trinh Cao Trieu v. Denver Health and Hospital Authority, et al.*, Civil Action No. 129-cv-00477-PAB-KMT.

2. I have been informed by _____, counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

        (Signature)

        (Print or Type Name)

        Address:

        Telephone No.: (\_\_\_)

SUBSCRIBED AND SWORN to before me this \_\_\_\_\_ day of _____, 2010, by _____.

WITNESS my hand and official seal.

        Notary Public

[S E A L]     My Commission Expires: